UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YVON MONCHER,

                    Plaintiff,

vs.                                          Case No.  2:13-cv-2-FtM-29SPC

CHARLOTTE CORRECTIONAL INSTITUTION,

                    Defendant.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon review of the file. Plaintiff Yvon Moncher, proceeding *pro se*, initiated this action while incarcerated at Charlotte Correctional Institution by filing a handwritten pleading on notebook paper entitled "A Complain[t]" (Doc. #1, Complaint).  Plaintiff has not paid the filing fee, or filed a motion for leave to proceed *in forma pauperis*.[1]   See docket.

### I.

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief."

---

[1]Because the Court finds this action subject to dismissal under §1915A, the Court will not await the filing of Plaintiff's motion for leave to proceed *in forma pauperis*, or the requisite filing fee.

See 28 U.S.C. § 1915A(a), (b)(1), (b)(2).  In essence, § 1915 is a screening process to be applied sua sponte and at any time during the proceedings.   In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys.   Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915.   Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001).   Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008).  The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(B)(ii).  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face.  Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, although a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh, 268 F.3d at 1022; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

## II.

Upon review, the Court finds this action subject to dismissal. Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or

immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

Here, Plaintiff names "Charlotte Correctional Institution" as the sole Defendant. See Complaint at 1. Charlotte Correctional Institution is not a "person" acting under the color of state law. Demm v. Charlotte County Jail Admin. & Staff, Case No. 2:04-cv-634-FtM-99SPC, 2007 WL 57772 *4 (M.D. Fla. 2007)(noting that the Charlotte County Jail is not *sui juris*). Additionally, the allegations set forth in the Complaint are vague and conclusory in violation of the pleading requirements set forth in Fed. R. Civ. P. 8. The Complaint also violates Fed. R. Civ. P. 10(b), which requires that all averments of a claim be set forth in numbered paragraphs. Accordingly, this action is subject to dismissal without prejudice. Plaintiff may initiate a new action in compliance with the rules set forth above by filing a civil rights complaint on the Court's standardized form.

ACCORDINGLY, it is hereby

**ORDERED**:

1.   The Complaint is **DISMISSED without prejudice** pursuant to § 1915A.

2.   The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

3.   The **Clerk of Court** shall mail Plaintiff a civil rights complaint form.

**DONE AND ORDERED** at Fort Myers, Florida, on this   25th   day of January, 2013.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record

-5-